UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA,                                          COMPLAINT

                              Plaintiff,                            Civil Action No.
                                                                    CV-

            - against -

NORTHERN TREE SERVICE II INC.

                    Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

The United States of America alleges that:

1. Jurisdiction is conferred upon this Court pursuant to Title 28, United States Code, Section
   1345.

2. On information and belief, the Defendant is a domestic, New York corporation, with
   offices within the Southern District of New York, Orange County, at 150 East Main Street,
   Washingtonville, NY 10992 and Rockland County, at 12 Lindbergh Rd, Stony Point, NY
   10980.

3. This lawsuit is filed to recover a sum certain balance due the Plaintiff based on penalties
   issued under the Occupational Safety and Health Administration Act of 1970.

4. The Defendant owes the United States civil penalties issued by the U.S. Department of
   Labor, Occupational Safety and Health Administration (OSHA) for failure to comply with
   workplace safety and health standards under the Occupational Safety and Health Act of
   1970 (29 U.S.C. 650/651 et seq) and regulations 29 C.F.R. 1926.

5. The sum of penalties is itemized in the Certificate of Indebtedness, incorporated herein by reference, annexed hereto as Exhibit A.

6. The penalties are based on OSHA inspection # 1186887, conducted 10/26/2016 – 10/27/2016 at the Defendant's work-site located at 40 Peach Hill Court, Ramsey, NJ 07446.

FACTS

7. The Defendant operates as a tree removal service.

8. Violations of the Occupational Safety and Health Act were observed and occurred at the inspection site at 40 Peach Hill Court, Ramsey, NJ 07446 on 10/26/2016 – 10/27/2016.

9. At a site inspection on 10/26/2016 – 10/27/2016, conducted by an authorized representative of the U.S. Secretary or Labor, a Citation and Notification of Penalty was issued against the Defendant on 4/13/2017 under 29 U.S.C. 658(a) for violations of regulations pursuant to the Occupational Safety and Health Act of 1970.

10. A copy of the Citation and Notification of Penalty is attached as Exhibit B.

11. The penalties are itemized in the Citation:

….failure to "furnish employment and a place of employment which were free from recognized hazards that were causing or likely to cause death or serious physical harm by a struck by hazard:

An employee was exposed to a struck by hazard while using a Port a Wrap that did not have sufficient rope wraps to properly control the descending limb which struck and fatally injured a worker. Condition on or about 10/26/2016."

The Defendant "did not ensure that each affected employee wear a protective helmet when working in areas where there is a potential for injury to the head from falling objects:

> An employee without hardhat protection, was exposed to a struck by hazard while engaged in tree trimming, when a tree limb struck and fatally injured the worker. Condition on or about 10/26/2016."

12. The Penalties totaled $25,350.00.

13. On 4/13/2017 the notification of proposed penalty in the amount of $25,350.00 was mailed to the Defendant. Exhibit B.

14. The Citation and Notification of Penalty stated that the Defendant had fifteen days from receipt to contest the citation of penalty pursuant to 29 U.S.C. 659(a). Exhibit B.   That unless the Defendant informed the Area Director in writing of intention to contest the citation and proposed penalty within 15 days of receipt, that the citation would become the final order of the Occupational Safety and Health Review Commission.

15. The Defendant did not contest the violations.

16. The attached Citation and Notification of Penalty became the final order of the Occupational Safety and Health Review Commission on 6/1/2017.   United States v. Tomco Stud Co., Inc., 420 F. Supp. 470, 471 (E.D. Wis. 1976).

17. The penalty of $25,350.00 was due on 6/1/2017.   The Defendant failed to make payment due and the sum of $25,350.00 and became delinquent on 7/1/2017.

18. A notification of delinquency was mailed to the Defendant on 8/17/2017. Exhibit C.

19. In addition to the penalty sum of $25,350.00, the Plaintiff is entitled to recover U.S. Department of Treasury and Department of Justice fees as authorized under 31 U.S.C. 3717(e), 31 C.F.R. 285.12(j) and 31 C.F.R. 901.1(f).  See Certificate of Indebtedness, Exhibit A.

20. Interest is accruing from the order date of 6/1/2017.   31 U.S.C. 3717(e).

21. The total amount due and owing as of October 22, 2021, including Department of Treasury and Department of Justice fees, is $44,284.35.                    .

22. No part of the aforesaid sum has been paid, though demanded.

WHEREFORE, the United States demands judgment against defendant as follows:

1.     For the sum of $25,350.00 plus accrued interest at the rate of 1% per annum ($0.51 daily) from 6/1/2017 pursuant to 31 U.S.C. 3717(a), and penalty rate of 6% per annum ($4.17 daily) from 7/1/2017 pursuant to 31 U.S.C. 3717(e), and Department of Treasury and Department of Justice fees of $11,241.41, as itemized in the Certificate of Indebtedness through the date of judgment entry;

2.     Post-judgment interest, pursuant to 28 U.S.C. 1961 at the legal rate then in effect, from the date of entry of judgment until the judgment is paid in full;

3.     Administrative costs of suit; and

4.     Such other relief as this Court may deem just and proper.


Dated: New York, New York
         October 25, 2021

Respectfully submitted,

BY: */s/ John Manfredi*
John Manfredi
ATTORNEY FOR PLAINTIFF
Manfredi Law Group, PLLC
302 East 19th St. Suite 2A
New York, New York 10003
PH: 347 614 7006
Fax 347 332 1740